{¶ 51} The majority's attempt to distinguish Hardesty v.Hardesty (Dec. 13, 1991), 11th Dist. No. 90-G-1582, 1991 Ohio App. LEXIS 5962, is a distinction without a difference. *Page 14 
 {¶ 52} The testimony as to the value of the silverware and the exhibits offered thereon, printouts from the Internet and appraisal web sites are no different than walking through a store or looking at a catalog in order to research the value of one's possessions. In fact, in the other instance we would not have the benefit of the contents of the antique store. The proposition remains that an owner of property can testify as to the value of one's possessions. Individuals gather that information not in a vacuum or by simply guessing, but by doing research to discover an approximate value. The documents used to determine the value of the antique silverware for purposes of the owner's opinion were those web printouts. They possessed evidentiary value merely to introduce evidence as to appellant's opinion as to value. The trial court was correct in determining that they obviously could not be expert testimony pursuant to Evid.R. 702. The trial court, however, did not consider other reasons for admission.
 {¶ 53} The trial court must use the evidence before it to determine the value. It cannot prevent appellant from introducing the sources from which she derived her values. Appellee provided no rebuttal evidence. Furthermore, the court had found that appellee had failed to return the silverware. The court's finding that there was insufficient proof to determine the silverware had any value, thereby rewarding appellee is illogical given all of the other testimony and history of the case. Appellee argues that had the trial court permitted appellant's testimony, there would be no need for the production of an expert in proving value, as the owner could submit an appraiser's valuation as the owner's. The lower court recognizes this in its April 6, 2007 judgment entry stating that "[defendant is attempting to proffer expert testimony in the guise of *Page 15 
her lay witness testimony without the built-in reliability safeguards provided by Rule of Evidence 702."
 {¶ 54} As stated earlier, the significant difference between the cases cited by appellee and the cases cited by appellant is that the cases referenced by appellant did not consider the propriety of the submission of an owner's opinion without an examination of the source of that opinion. In Payton v. Auto Depot, Inc., (June 29, 1990), 11th Dist. No. 88-L-13-217, 1990 Ohio App. LEXIS 2707, at 5, this court stated:"Bishop, and the line of cases allowing owners' opinions as to value have never inquired as to the source of the owner's opinion." Similarly, in Hardesty, supra, cited by appellant, the issue was whether the manifest weight of the evidence was such that the lower court could make a finding on valuation, not a case where a timely objection was made to the introduction of hearsay testimony. Appellee's argument indicates the quagmire that courts and litigants discover in the wealth of information available in cyber space. The counter argument is that without these exhibits or the ability to search the Internet, the cost and expense of hiring an appraiser to determine the value when the parties agree that the silverware has some value could be prohibitive. This would create another cost for the parties, and inevitably for the contemnor, as appellee was the one to possess the property in violation of court order.
 {¶ 55} Website content, forms, and state-sponsored web pages can be introduced as evidence before a trial court, via affidavit, so long as the items are properly identified for purposes of summary judgment. The court, or any party, can validate their authenticity by simply going to the website if a question is raised or by submitting other websites with opposing information. A printout from a website can be *Page 16 
authenticated and accepted as valid, reliable evidence by the trial court using testimony from the party who is trying to introduce it. The question is not its admissibility, but its weight and a determination of the purpose for its admission. Computer technology is forcing us to look beyond traditional evidentiary submissions to the "public" domain of the Internet for a variety of evidence.
 {¶ 56} Evid.R. 902 holds that many documents are self-authenticating, and, as such, other proof of authenticity as a condition precedent is not required.
 {¶ 57} The website of the Secretary of State can be considered self-authenticating as an "official publication," cf. Evid.R. 902(5), like copies of printed material (i.e., newspaper articles) are under Evid.R. 902(6).
 {¶ 58} The proper method to challenge such admissions is not dependent upon whether the material contained in the publication has been verified. If claimed unreliable, the document may be impeached after its admission. State v. Greer (1988), 39 Ohio St.3d 236, at paragraph one of the syllabus. The proper method to challenge such admissions is a motion to strike or to submit contrary exhibits contradicting the authenticity or reliability of the underlying premise being proposed. Id. at 241-242.
 {¶ 59} Based upon the foregoing, I dissent. *Page 1